IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| C. JOSEPH SALAZAR, II, § | | |
| TDCJ No. 412334, and § | | |
| JOHNNY MALDONADO, § | | |
| TDCJ No. 483291, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. H-05-0152 | |
| § | | |
| DOUGLAS DRETKE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM ON DISMISSAL**

Plaintiffs filed a civil rights complaint. 42 U.S.C. § 1983. Plaintiffs are inmates in the Texas Department of Criminal Justice (TDCJ). Plaintiffs sue Doug Dretke, TDCJ-ID Director, and Kenneth Lee, Administrator of the Security Threat Group Program.

**I. CLAIMS**

Plaintiffs make the following claims in their complaint: Prison officials have held Plaintiffs in administration segregation since 1988 and 1989, respectively. The conditions in administrative segregation are the same as the conditions in solitary confinement. Plaintiffs are kept in their cells 23 hours a day. Plaintiffs are only allowed out of their cells one hour a day to shower and recreate. Two hours a week, they are allowed to recreate outside the building. Severe restrictions are placed on their access to legal materials, visitation, and other privileges.

Plaintiffs have no access to educational, training or other rehabilitative programs while confined in administrative segregation. The conditions of Plaintiffs' confinement in administrative segregation almost totally deprives them of human contact, mental stimulus, physical activity, and human dignity. This is inhumane and imposes atypical and significant hardship compared to ordinary prison life.

Annually, the State Classification Committee (SCC) reviews Plaintiffs' confinement in administrative segregation. At each review, the SCC continues Plaintiffs' confinement in administrative segregation allegedly because Plaintiffs are confirmed as current members of a Security Threat Group (STG) or prison gang. The review by the SCC is a sham, totally lacking any meaning or substance. No review actually takes place. SCC members have informed Plaintiffs that the SCC does not have the authority to release them, because as confirmed STG members, they must be released through a process known as Gang Renunciation and Disassociation (GRAD).

The SCC makes no meaningful attempt to determine whether Plaintiffs are fit for release to the general prison population, or if they no longer are a danger to other prisoners or employees of the TDCJ. Lee influenced or indirectly participated in the decision of the SCC to refuse to release the Plaintiffs from administrative segregation. Plaintiffs seek damages, and injunctive and declaratory relief.

## II. CONDITIONS

The Eighth Amendment protects against deprivations that result in "unquestioned and serious deprivations of basic human needs" or that are deprivations of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "'[O]nly the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment...'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Being housed in a cell 23 hours a day is not cruel and unusual. The conditions Plaintiffs describe do not violate the Eighth Amendment. In *Martin v. Scott*, 156 F.2d 578 (5th Cir. 1998), the Fifth Circuit upheld the constitutionality of the conditions in the TDCJ administrative segregation housing on due process, equal protection, and cruel and unusual punishment grounds. Plaintiffs' allegations do not show deliberate indifference to basic human needs. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Plaintiffs state that prison officials severely restrict their access to legal materials. Plaintiffs are not raising a separate claim of denial of access to the courts. If they were making such a claim, they have not stated facts which show a constitutional violation. "Prisoners generally enjoy a constitutional right of access to the courts." *Johnson v. Avery*, 393 U.S. 483, 483-485(1969). However, this right of access for prisoners is limited. It includes only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [a prisoner's] conviction or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Plaintiffs have not alleged that officials have denied them an opportunity to file or prosecute lawsuits. The records in this lawsuit and the other lawsuits filed by Plaintiff Salazar[1] in the federal courts do not show any impediment to filing and prosecuting lawsuits while Plaintiffs have been held in administrative segregation. *See, e.g., Salazar v. Collins, et al.*, No. 6:91cv335 (W.D. Tex.); *Salazar v. Alford, et al.*, No. 6:90cv380 (E.D. Tex.); *Salazar v. Scott, et al.*, No. 4:94cv3902 (S.D. Tex.); *Salazar v. Johnson*, No. 4:97cv2051 (S.D. Tex.); and *Salazar v. Janie Cockrell*, No. 4:02cv2995 (S.D. Tex.).

The constitutional right of access to the courts applies only to prisoners who suffer actual harm in a particular lawsuit in which they are a party. *See Lewis*, 518 U.S. at 349. (1996) (the doctrine of standing applies to access-to-the-courts claims). Plaintiffs do not claim that they have inadequate access to legal materials such that they have

been prejudiced in this or any other lawsuit. Plaintiffs do not state a claim for denial of access to the courts. Plaintiffs' claims of restricted visitation, and denial of educational and rehabilitative programs do not show constitutional deprivations. *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (no constitutional right to visitation); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (no constitutional right to educational or vocational training programs).

### III. DUE PROCESS

A prisoner has no constitutional liberty interest in remaining in the general population of a prison and avoiding administrative segregation. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). This is so even if the segregation is punitive, which Plaintiffs do not claim. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Therefore, Plaintiffs are not entitled to due process concerning the determination to place and keep them in administrative segregation. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiffs' claims that the Defendants failed to properly determine the basis for their placement in administrative segregation or reached the wrong conclusions concerning their gang membership status does not implicate a due process liberty interest. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5h Cir. 1996) (upholding placement in administrative segregation based on gang affiliation where the prisoner challenged the validity of the gang determination and consistently denied gang affiliation).

Plaintiffs' due process claims fail for another reason. Even if a due process liberty interest is implicated, their pleadings do not show any deficiencies in the procedures

they challenge. Plaintiffs' grievances attached to their complaint show that prison officials have determined that they are being processed through the GRAD program for eventual dropping of the STG label and concomitant release from administrative segregation. *See, e.g.*, Step 2 Grievance 2004166019, pp. 10-11, Step 2 Grievance 2004231111, pp. 12-13. Plaintiffs' grievance papers show that the process itself is slow and it is slowed further by the fact that there is a waiting list for inmates interested in participating. However, this slowness does not violate the Constitution.

Plaintiffs do not make any specific allegations which show that the administrative segregation review process is faulty—they do not assert that any specific procedure is inadequate or that the review process lacks any particular procedure required by due process. Plaintiffs claim that the SCC continues their confinement in administrative segregation because they are still gang members. This claim is an attack on the correctness of the decision and underlying TDCJ policy, not the process under which the SCC rendered the decision.

Plaintiffs assert that the SCC review is a sham without meaning or substance and that no review actually takes place. These vague and conclusory allegations do not state a due process claim. Plaintiffs also claim that the SCC has told them it does not have the authority to release them because, as past gang members, the SCC can only release them through the GRAD program. This claim is an attack on TDCJ's substantive policy concerning prison gangs: gang members are isolated in administrative segregation and if they want to leave their gang and transfer out of administrative segregation they must go through the slow GRAD procedure.[2] The SCC's statement to Plaintiffs is not a manifestation of procedural inadequacy; it is a substantive component of prison policy. Plaintiffs also claim that the SCC makes no meaningful attempt to determine whether they are fit for release to the general population, or if they no longer

are a danger to others. Again, this is a policy matter. Plaintiffs' pleadings, including the grievances, reflect that TDCJ policy is that a prisoner who is in a gang will live in administrative segregation without a case by case determination of danger to others unless he renounces his gang membership and participates in the GRAD program.

Plaintiffs have not alleged or shown a due process violation concerning their placement and retention in administrative segregation.

## IV. CONCLUSION

The district court may dismiss *sua sponte* an action filed by a prisoner against governmental officials if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). Plaintiffs' claims lack an arguable basis in law and fail to state a claim on which relief may be granted.

It is, therefore, ORDERED that this complaint filed by C. Joseph Salazar, II, TDCJ No. 412334, and Johnny Maldonado, TDCJ No. 483291, is DISMISSED under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim on which relief may be granted.

The Clerk will provide a copy to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

SIGNED the 5th day of May, 2005.



David Hittner
United States District Judge